# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERNESTO MANUEL GONZALEZ,

        Defendant.

Case No.: 2:16-cr-00265-GMN-CWH-6

**ORDER**

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Carl W. Hoffman, (ECF No. 1577), which states that Defendant Ernesto Manuel Gonzalez's Motion to Suppress Evidence Pertaining RICO Overt Act #5, (ECF No. 781), should be granted.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 1577), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendant Gonzalez's Motion to Suppress Evidence Pertaining to RICO Overt Act #5, (ECF No. 781), is **GRANTED**.

**DATED** this __5__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] The Court notes that the Government filed a Response, (ECF No. 1590), indicating that the Government "understands the R&R to determine that all evidence and observations after the officers opened the knife should be suppressed on the basis of a violation of the Fourth Amendment. With that understanding, the [G]overnment does not object to the R&R and will comply with it in presenting evidence at trial." (Resp. 1:26–28, ECF No. 1590).